**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO.  06-40041-GPM** |
| | ) | |
| **RICHARD WALLACE and DOWNSTATE** | ) | |
| **TRANSPORTATION SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Before the Court is a motion for new trial and a motion for judgment of acquittal filed by counsel for Defendants, Richard Wallace and Downstate Transportation, Inc. (Docs. 43, 45).  The Government filed timely responses to the motions (Docs. 48-51), and Defendants filed a reply (Doc. 53).  The Court will rule on the motions without a hearing.

## BACKGROUND

On July 12, 2006, a federal grand jury indicted Defendants for one count of Health Care Fraud in violation of 18 U.S.C. §§ 1347 and 2, and seventeen counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 1342.  Defendants operated a taxi service in Southern Illinois to transport Medicaid patients to and from non-emergency medical appointments throughout rural Southern Illinois.  In a nutshell, the Government alleges that Defendants defrauded Medicaid by billing and receiving payment for mileage driven without a Medicaid recipient in the vehicle.

Defendants never disputed the allegedly fraudulent conduct.  The only issue was whether

their conduct was criminal.  After trial, a jury found Defendants guilty on all counts.

ANALYSIS

**A.  Motion for New Trial**

Defendants move for a new trial pursuant to Federal Rule of Criminal Procedure 33 because (1) the Government shifted the theory of intent to one which was unsupported by evidence, or alternatively (2) the evidence of "excess miles" was put before the jury in violation of Federal Rule of Evidence 404(b) and the Seventh Circuit's test for admitting evidence of other acts.  Rule 33 allows a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33.  Such motions are disfavored, however, and they are properly granted only in the most extreme cases. *See United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998).

1.      *Shifting Theory of the Case*

Defendants first argue that a new trial is appropriate because the Government shifted its theory of intent during the direct examination of its final witness, Agent Minden. Throughout the investigation and the trial, the Government focused on Defendants' billing for unloaded mileage, then introduced the issue of billing for excessive mileage during the examination of the final witness.  Defendants emphasize that the exhibit used to demonstrate the alleged practice of billing for excessive miles was thrown together over the lunch hour. Additionally, Agent Minden testified to the billing of excessive mileage, but admitted that he was unfamiliar with the policies regarding the billing of excessive mileage.  He also testified that he was not familiar with the procedures used to determine whether excessive mileage had been billed.

The Government argued at trial that the evidence and testimony tended to show an intent to defraud.  Defendants argue that the Government misled defense counsel to believe that the

Government's theory was that Defendants were guilty because they were charging for unloaded mileage.  Furthermore, the excessive mileage theory of guilt lacked factual support because there was no evidence or testimony as to the standard and correct procedures for calculating excessive mileage.

The Court agrees with the Government that its theory of the case was consistent throughout and that the unloaded/excessive distinction is artificial.  The theory was simply that Defendants were billing for unauthorized mileage. The evidence and testimony simply demonstrate that Defendants were not billing according to the method to which they stipulated and that the evidence tends to show that Defendants were not truthful with the Government and that they had the requisite intent to defraud.

In *Siddiqi v. United States*, the Second Circuit vacated a conviction on the grounds that the "defects in his conviction [were] so fundamental as to constitute a miscarriage of justice." 98 F.3d 1427, 1440 (2nd Cir. 1996). One of the defects identified was that the Government had shifted its theory of the case, which "enabled the government to obtain a conviction from the jury on a factual theory that was put forth for the first time in summation," and was later established had no foundation in fact. *Id.* at 1438. There, the Second Circuit stated that "[t]he shifting nature of the government's case … materially impeded the effective presentation of a defense during the trial by misleading defense counsel as to the government's theory of guilt. *Id.*

Defendants argue that the presentation of evidence of alleged billing for excessive mileage by the final Government witness is analogous to the presentation of a new factual theory in *Siddiqi*, which occurred in summation. In *Siddiqi*, however, the Government expressly repudiated its initial theory of guilt, which had been emphasized in the opening statement. Furthermore, the defendant

in *Siddiqi*, with its motion for a new trial, presented the trial court with evidence demonstrating that the theory of guilt presented in summation lacked factual basis.

This situation is different from *Siddiqi*. The Government's theory of guilt had a factual basis, and the Court does not find that the jury was misled.

    2.    *Exhibit 48*

Defendants argue in the alternative that a new trial is appropriate because the evidence of excessive mileage (Exhibit 48) was admitted in violation of Federal Rule of Evidence 404(b) and the Seventh Circuit's test for evidence of other acts.

In *United States v. Chaimson*, the Seventh Circuit stated that evidence of other acts is admissible if: "(1) the evidence is directed towards establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue …, (3) the evidence is clear and convincing, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." 760 F.2d 798, 804 (7th Cir. 1985). Defendants argue that none of the four elements of the *Chaimson* test was met, and thus, the evidence was inadmissible.

The first element of the *Chaimson* test requires that the evidence be directed toward establishing a matter in issue other than propensity. The Government presented the evidence to prove intent to defraud – *i.e.*, to show with this evidence that Defendants did not bill according to the method stipulated. According to Defendants, intent was not at issue in the case, because they admitted their intent to bill for unloaded miles.

But Defendants' argument has a flaw. Mail fraud is a specific intent crime and the Government was required to prove intent to defraud as an element of the offense. The admission of

Defendants' intent to bill for unloaded miles does not eliminate the Government's burden of proving intent to defraud. Thus, the first element of the test was satisfied.

The second element of the *Chaimson* test requires that the evidence is close enough in time to be relevant. The evidence of alleged billing for excessive mileage occurred during the same time period as the billing for unloaded mileage. Thus, the second element of the test was satisfied.

The third element of the *Chaimson* test requires that the evidence is clear and convincing. In *Chaimson*, the Seventh Circuit indicated that evidence would not be considered clear and convincing if it were circumstantial or required the jury to draw circumstantial inferences. *Id.* at 808. Here, the evidence showed that Defendants were not billing according to the stipulated method. The Government did not ask the jury to infer that Defendants were not billing according to the stipulated method, but simply asked the jury to infer from their failure to bill according to the stipulated method that Defendants had the requisite intent to defraud. Thus, the evidence of the other acts (failing to bill according to the stipulated method) was clear and convincing and satisfied the third element of the test.

Was the probative value of the evidence substantially outweighed by danger of unfair prejudice so as to fail the fourth element of the *Chaimson* test?  Defendants argue that the evidence presented a significant danger of prejudice because it was highly misleading for the jury. The Government argues that the probative value of the evidence was that it tended to show that Defendants had the requisite intent to defraud.

Again, the Court agrees with the Government that the evidence has probative value; it demonstrates that Defendants were not billing according to their stipulated method, which they allege was authorized by the statute.  Having sat through the trial, the Court does not agree that

presentation of the evidence was misleading to the jury.  The evidence was simply offered to show that Defendants were not billing according to their alleged authority.  The fourth element of the test was satisfied.

## B.      Judgment of Acquittal

Defendants also move for judgment of acquittal arguing that the Illinois Administrative Code, pursuant to which they were indicted, is ambiguous and, therefore, it cannot support a conviction.

In *United States v. Harris*, the Seventh Circuit held that where "defendants [in a criminal case] … could not have ascertained the legal standards applicable to their conduct, criminal proceedings may not be used to define and punish an alleged failure to conform to those standards." 942 F.2d 1125, 1131 (7th Cir. 1991). Two types of ambiguity were identified; objective ambiguity and subjective ambiguity. *Id.* at 1132. A law is objectively ambiguous when it fails to provide fair notice as a matter of law. *Id.*  "A claim of objective ambiguity requires that the court examine all of the relevant precedents and dismiss the indictment if it concludes that the [] obligation is ambiguous as a matter of law." *Id.* A law is subjectively ambiguous when the defendant or the defendant's advisors subjectively, but wrongly, see an ambiguity. *Id.* "In such a case, the defendant may present evidence to the jury showing the basis for the defendant's allegedly good faith belief." *Id.*

Defendants identify the substantive issue as whether the rate structure by which they billed was a reasonable interpretation of the Illinois Administrative Code.  In essence, they argue that the Illinois Administrative Code was subjectively ambiguous and that the Government failed to prove beyond a reasonable doubt that Defendants' interpretation of the statute was unreasonable, which resulted in the Government's failure to prove that Defendants acted with the requisite intent.

This issue was for the jury. The Court provided the jury with a limiting instruction, which stated:

> You may find that an ambiguity exists in the Illinois Administrative Code (the 'Code') with respect to the reimbursement for medical transportation services, specifically whether the 'community rate' provision for taxicabs allows for the reimbursement of unloaded miles. If you find that ambiguity exists, then to prove the defendants acted knowingly and willfully and/or with the intent to defraud, the government must prove beyond a reasonable doubt that defendants' interpretation of the Code was unreasonable.

The "law assumes that they [the jurors] can and do follow the limiting instructions issued to them."

*United States v. Linwood*, 142 F.3d 418, 426 (7th Cir. 1998).

## CONCLUSION

For the foregoing reasons, the motion for new trial (Doc. 43) and the motion for judgment of acquittal (Doc. 45) are **DENIED**.  Sentencing remains set for **Monday, July 23, 2007, at 10 a.m.**

**IT IS SO ORDERED.**

DATED: 07/10/07


s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge